West, J.
The Cincinnati Insurance Company, defendant in error, brought its action against the plaintiffs in error, in the Superior Court of Ciucinnati, to compel the *385 refunding of $1,617.15 paid to them on a policy of insurance. The cause was tried to the court at special term, wherein it was reserved, on the evidence, to, and .was decided at, the general term. The judgment at general term is now sought to be reversed in this proceeding.
The record contains what purports to be all the evidence heard at special term, and to have been certified up with the order of reservation. The court in general term so find, and direct it to be made part of the record.
Generally, the evidence heard on the trial of a cause in an inferior court can be brought here for review on errors assigned, by bill of exception only. This has been repeatedly held by this court. No such bill is discovered in this record. Whether it was competent for the court to attach the evidence as an exhibit to its special finding, and thus make it serve the office of a bill of exceptions, we have not deemed it necessary to determine, but have limited our inquiries to questions arising on the pleadings, and the special findings proper of the court.
In the original petition it is disclosed that the defendant in error seeks reimbursement of moneys, paid to plaintiffs in error, on a policy of insurance, on account of injuries to their steamboat “Wm. Noble,” and for their liability in general average on jettison of cargo, resulting from a collision with the steamer “ Fashion,” the whole of which losses, it is alleged, the plaintiffs in error subsequently recovered as damages, in an action against the owners of the latter vessel, as negligent -wrong-doers.
In their answer to this petition the plaintiffs in error admit the collision, the resulting jettison of cargo and injuries to their vessel, the fact and payment of the insurance thereon, and the subsequent action and recovery against the owners of the “ Fashion.” But they deny that in said action they recovered the items paid to them on the adjustment of said insurance. On the contrary, they aver that by said collision, they sustained losses, other than and in addition to these items ; that their aggregate losses, for *386 which they sued, exceeded' $15,000, but that they recov ered from the owners of the “ Fashion” only $11,086, a sum much less than the excess of their losses, above the items covered by insurance; that the costs of said collision suit exceeded $5,000; that the defendant in error was not a party to said suit; that it expressly declined and refused, on request, to contribute to, or in any manner aid in its prosecution ; and that it released and abandoned its claim to the proceeds of said suit.- The plaintiffs, therefore, controvert their liability to refund.
By the reply, the allegation of the answer, that the defendant in error refused, on request, to aid in or in any manner contribute to the prosecution of the collision suit, is not controverted.
The Superior Court, at general term made a “special finding,” as follows:
“ The court, being fully advised in the premises, does find that the defendant paid out, in and about th.e prosecution of the collision suit against the owners of the steamboat “Fashion,” the sum of $4,167.40, and is entitled to the further sum of $2,500 for his services in preparing the said suit; and is therefore entitled to have the sum of $6,667.46 ■first to be credited upon the sum received in the collision ■suit; which being deducted from the sum so named, leaves the sum of $4,418.60; that the plaintiff’s claim, as set out in his petition, with interest to the first of this term, .amounts to $2,538.
“The court does further find and hold that the plaintifl in this case is bound by the finding in the collision suit, and can not be permitted to show that his real damages ■resulting from the collision and involved in the suit, were greater than the amount found by the verdict, or to go into the same in this suit; and that the plaintiffs are entitled to such proportion of said sum of $4,418.60, as the said sum of $2,538 bears to $11,086, the amount recovered in the collision suit — to wit, the sum of $1,011.44. The court does, therefor e, assess the plaintiff’s damages at the said sum of $1,011.44.
*387 “And the said evidence, upon which the case was reserved, was all the evidence in the case, and the same is hereto attached, marked “A,” and made part of the record, in the case.
“And the counsel severally excepted to each of the findings and holdings, and- his exceptions were allowed and ordered to be made part of the record.”
In the view we have taken of the case, while we doubt the correctness of the ruling below, which held that -the plaintiffs in error “were bound by the findings in the collision suit,” we deem it unnecessary to pass upon the question.
The defendant in error founds its claim on the doctrine of subrogation. This may be stated as follows: Where a loss, covered by insurance, is occasioned by a wrong-doer, the underwriter, after reimbursing.it in specie, or making compensation in money, is, in a proper case, entitled to be subrogated, quoad hoc, to the right of the assured .against the wrong-doer. This is of the highest equity; for whereas the loss is, in the first instance, that of the assured, after reimbursement or compensation, it becomes the loss of the insurer.
The plaintiffs in error insist that the doctrine, if ever recognized, has been doubted by modern decisions. We do not so think. It was fully recognized by Lord Hardwick in the early case of Randall v. Cochran, 1 Ves. Sen. 98, with which the American eases are in nearly universal accord. The loss of mortgaged premises, insured at the instance of the mortgagee, presents a case sui generis, for rejection of the application of the doctrine.
There are two classes of cases for its application, first, where the total loss sustained is covered by insurance, and reimbursed or compensated by the underwriter: Second,
when the loss sustained is but partially covered by insurance, and is reimbursed or compensated accordingly. These may be respectively denominated full insurance and partial insurance.
In case of partial insurance, of which class is the one at *388 bar, the assured and underwriter have each a substantive interest in the claim against the wrong-doer; whereas, in a case of full insurance and compensation, the interest of the former is but nominal.
"Where the assured, as in case of partial insurance, sustains a loss, in excess of the reimbursement or compensation by the underwriter, he has an undoubted right to have it satisfied by action against the wrong-door. But if, by such action, there comes into his hands, any sum for which, in equity and good conscience, he ought to account to the underwriter, reimbursement will, to that extent, be compelled in an action by the latter, based on his right in equity to subrogation. But the assured will not, in the forum of conscience, be required to account for more than the surplus, which may remain in his hands, after satisfying his own excess of loss in full, and his reasonable expenses incurred in its recovery; unless the underwriter shall, on notice and opportunity given, have contributed to, and made common cause with him, in the prosecution.
In this case, the losses of the plaintiffs in error, in excess of insurance, exceeded $9,000; their recovery was $11,086. The costs of prosecuting the action exceeded $6,000. The' amount applicable to their excess of loss, after payment of expenses, was insufficient to satisfy it. It is not unconscionable that they return this: It would be, to award any part of it to the defendant in error, who refused to hazard the costs of its recovery.
On the special findings of the Superior Court, their judgment will be reversed, and the judgment entered here for the plaintiffs in error, which the court below ought to have rendered.